UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL E. SMITH,

    Plaintiff,

    v.

WAYNE PEOPLES,

    Defendant.

CAUSE NO. 3:20-CV-495-JD-MGG

OPINION AND ORDER

Daniel E. Smith, a prisoner at Indiana State Prison proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

In the complaint, Smith asserts that he has elected to receive Kosher meals for religious reasons. He claims that since April 2020, there have been significant problems with the meals, including that trays are often missing items, some of the food is spoiled, and on occasion he finds insects and mouse feces on the trays. Because of these issues, the meals are not adequate to meet his nutritional needs, causing him to "go hungry." He claims that he filed grievances about this issue but to no avail. He sues Wayne Peoples, an employee of Aramark, LLC, the private company that prepares meals at the prison, seeking monetary damages and injunctive relief.

A violation of the Eighth Amendment consists of two elements: (1) the injury must be objectively serious enough to have deprived the inmate of the minimal

civilized measure of life's necessities, and (2) the prison official must have acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). On the first prong, the Eighth Amendment clearly requires that prison officials provide inmates with an adequate diet. *Williams v. Shah*, 927 F.3d 476, 479 (7th Cir. 2019). Giving Smith the benefit of the inferences to which he is entitled at the pleading stage, he has satisfied the objective inquiry.

Turning to the subjective prong, the only defendant Smith names is Peoples. It can be discerned that Peoples is an employee of Aramark, but Smith does not mention him in the body of the complaint or explain how he was personally involved in these events. Peoples cannot be sued for damages merely because he is employed in the kitchen or oversees other kitchen employees. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). To the extent Smith is trying to sue Aramark, a private company may be held liable for constitutional violations when it performs a state function. *See West v. Atkins*, 487 U.S. 42 (1988); *Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general *respondeat superior* liability under section 1983, and Aramark cannot be held liable solely because it employs the kitchen staff that prepared the meals in question. *J.K.J.*, 960 F.3d at 377. A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, there is nothing in the complaint from which it can be plausibly inferred that Aramark had an official policy of servicing spoiled or inadequate food to inmates.

Accordingly, Smith has not alleged a plausible claim for damages against Peoples or Aramark.

Nevertheless, he also seeks injunctive relief related to the adequacy of the meals he is being served, and the warden of Indiana State Prison has both the authority and the responsibility to ensure that inmates are provided adequate meals as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Smith will be allowed to proceed on an Eighth Amendment claim against Ron Neal in his official capacity as the warden of Indiana State Prison for permanent injunctive relief.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of Indiana State Prison in his official capacity as a defendant;

(2) GRANTS the plaintiff leave to proceed against the Warden of Indiana State Prison in his official capacity for injunctive relief to provide him with adequate meals as required by the Eighth Amendment;

(3) DISMISSES Wayne Peoples;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Ron Neal, and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last

employment date, work location, and last known home address of any defendant who does not waive service;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 23, 2020

                                                       /s/JON E. DEGUILIO
CHIEF .JUDGE
UNITED STATES DISTRICT COURT